# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MORGAN OTTMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAVALRY PORTFOLIO SERVICES, LLC, <br><br> Defendant. | Case No.: 17-cv-1053 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Morgan Ottman is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Cavalry Portfolio Services, LLC ("Cavalry") is a debt collection agency with its principal offices at 500 Summit Lake Dr, Ste 400, Valhalla, NY 10595.

6. Cavalry is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Cavalry is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

7. Plaintiff had a Citibank credit card, which she used only for personal, family or household purposes, namely, purchases of household goods and services.

8. Prior to October 4, 2016, Plaintiff's Citibank credit card account went into default.

9. Prior to October 4, 2016, and after the Citibank credit card account was in default, Citibank sold or otherwise assigned the ownership rights to the account to SPV.

10. On or about October 4, 2016, Cavalry mailed a debt collection letter to Plaintiff regarding the Citibank credit card account. A copy of this letter is attached to this Complaint as Exhibit A.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiffs inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by Cavalry to attempt to collect alleged debts.

13. Exhibit A was the first letter Plaintiff was sent by Cavalry regarding this alleged debt.

14. Exhibit A contains the following text:

> Cavalry is committed to providing you with excellent customer service, which includes treating you in a fair and respectful manner. If at any time you feel that you have not been provided with excellent customer service, please call us at (888) 716-0010.

15. The text in Cavalry's letter to Plaintiff is inconsistent with 15 U.S.C. §§ 1692g(a)(4), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(emphasis added).

16. The language reproduced in paragraph 23, above, overshadows the FDCPA debt validation notice.

17. Exhibit A fails to clearly and unambiguously inform the unsophisticated consumer that, in order to invoke his or her right to require Defendant to cease most collection activities until they provide verification of the debt, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(4).

18. Instead, Exhibit A tells the consumer to "please call us" if, for example the consumer feels that she has not been treated fairly.

19. Many complaints about unfair treatment are, by nature, "disputes."

20. The practical effect of the request to call Cavalry is to discourage consumers from disputing debts in writing.

21. An oral dispute does not trigger the FDCPA verification requirements, which includes a temporary suspension of collection efforts until verification is provided. 15 U.S.C. § 1692g(b).

22. Cavalry did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also*

3

*Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

23. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector may provide verification upon oral notification, the debt collector must provide verification upon written notification. If the debtor gives only oral notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

24. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

25. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's omission is a material violation of the FDCPA. A consumer who attempts to orally exercise verification rights or a request for the identity of the original creditor does not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt

> collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

26. Cavalry's statement that the consumer could call at any time for excellent customer service overshadows the validation notice. 16 U.S.C. § 1692g.

27. Plaintiff was confused by Exhibit A.

28. The unsophisticated consumer would be confused by Exhibit A.

29. Plaintiff had to spend time and money investigating Exhibit A.

30. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

31. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016)

("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

32. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

33. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. <u>Exhibit A</u> fails to inform the consumer that, in order to invoke his or her right to obtain verification of the debt, the consumer must make the request in writing. 15 U.S.C. § 1692g(a)(4).

38. Defendant violated 15 U.S.C. §§ 1692g, 1692g(a), 1692g(b) and 1692e(10).

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes (d) between July 31, 2016 and July 31, 2017, inclusive, (e) that was not returned by the postal service.

40. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

41. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

42. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

43. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

45. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: July 31, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com